FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL 31 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LUXOTTICA GRUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VIRPANATH INC., a Georgia corporation, BATESVILLE JUNCTION STORE LLC, a Georgia limited liability company, and ASHISHKUMAR PATEL, an individual,<br><br>Defendants. | Civil Action File No.:<br><br>**2:19-CV-0167** |

## COMPLAINT

Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. (collectively, "Plaintiffs"), through undersigned counsel, hereby sue Defendants Virpanath Inc., Batesville Junction Store LLC and Ashishkumar Patel, individually (collectively, "Defendants"), and allege as follows:

1

## JURISDISCTION AND VENUE

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a substantial claim arising under the Lanham Act. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 in that such claim is related to the claim under this Court's original jurisdiction and forms part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have their principal place of business and continue to infringe Luxottica Group S.p.A.'s and Oakley Inc.'s famous trademarks in this Judicial District.

## PARTIES

3. Plaintiff Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with its principal place of business in Milan, Italy.

4. Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Foothill Ranch, California. Oakley is an indirect wholly-owned subsidiary of Luxottica Group.

5. Defendant Virpanath Inc. is a Georgia corporation with a principal place of business in Gainesville, Georgia. Virpanath Inc. operates a grocery retail

store under the trade name "Don Magnum's Grocery" located at 3746 Harmony Church Road, Gainesville, Georgia 30507. As alleged herein, Virpanath Inc. is directly engaging in the promotion and sale of merchandise within this Judicial District.

6. Defendant Batesville Junction Store LLC is a Georgia limited liability company with a principal place of business in Clarkesville, Georgia. Batesville Junction LLC operates a grocery retail store located at 13440 Hwy. 197, Clarkesville, Georgia 30523. As alleged herein, Batesville Junction LLC is directly engaging in the promotion and sale of counterfeit merchandise within this Judicial District.

7. Defendant Ashishkumar (Alex) Patel ("Patel") is a resident of Jackson County, Georgia. Patel is a principal, officer, manager and director, and the moving force behind both Virpanath Inc.'s and Batesville Junction LLC's operations.

## FACTUAL ALLEGATIONS

A. **The World-Famous Luxottica Brands and Products**

8. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

9. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

10. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Georgia.

11. Luxottica Group has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint.

12. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban trademarks. As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

13. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Marks"):

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 650,499 | *Ray-Ban* | For class 9: sunglasses, shooting Glasses, and ophthalmic lenses. |
| 1,093,658 | *Ray-Ban* | For class 9: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles. |
| 3,522,603 | *Ray-Ban* | For class 9: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses |
| 2,971,023 | *RB* | For class 9 : sunglasses, eyeglasses, eyeglass lenses |

14. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks.[1] These registrations are valid and subsisting and the majority are incontestable.

15. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Marks in connection with the goods identified therein and other commercial goods.

16. The registration of the marks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Marks.

17. The Ray-Ban Marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

18. The Ray-Ban Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb were assigned in full to Luxottica Group in 1999.

**B.     The World Famous Oakley Brand and Products.**

19.    Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

20.    Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Georgia.

21.    Oakley has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint.

22.    Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley trademarks. As a result, products bearing the Oakley trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley, and have acquired strong secondary meaning.

23.    Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Marks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 3,151,994 | (oval design) | For class 9: protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories |
| 1,984,501 | (oval design) | For: classes 9, 25: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories; clothing and headwear, namely t-shirts, sweatshirts, jackets, hats, and caps |
| 5,636,292 | HOLBROOK | For class 9: eyewear, namely, sunglasses, goggles for sports, spectacles and their parts and accessories, namely, replacement lenses, ear stems, frames, nose pieces and foam strips; cases specifically adapted for eyewear and their parts and accessories |

24. Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Marks. These registrations are valid and subsisting and the majority are incontestable.

25. The registration of the Oakley Marks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Marks in connection with the goods identified therein and other commercial goods.

26. The registration of the Oakley Marks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Marks.

27. The Oakley Marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

28. The Oakley Marks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

C. **Defendants' Infringing Conduct**

29. The U.S. Bureau of Customs and Border Protection ("CBP") periodically inspects a fraction of the merchandise imported into the United States. As a result of one such inspection, CBP identified "Alex Patel" as the importer of sunglasses bearing counterfeits of Ray-Ban trademarks.

30. On or about May 16, 2019, CBP provided Luxottica Group with a Notice of Seizure of Infringing Merchandise (No. 2019520600392701) identifying Alex Patel located at 3742 Harmony Church Road, Gainesville, Georgia 30507 as the importer of record of at least 50 pair of sunglasses bearing counterfeits of Ray-Ban trademarks imported into the Port of Miami.

31. On June 3, 2019, Luxottica Group's investigator discovered that Defendant Virpanath Inc. located at 3746 Harmony Church Road, Gainesville, Georgia 30507 was advertising, publicly displaying, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Marks.

32. Luxottica Group's investigator purchased one pair of sunglasses bearing counterfeits of the Ray-Ban Marks and one pair of sunglasses bearing counterfeits of the Oakley Marks for a total of $11.75. Photographs of the sunglasses purchased from Virpanath's business, along with the purchase receipt are depicted below:





33. On June 17, 2019, Luxottica Group's investigator, on behalf of Oakley, discovered that Defendant Batesville Junction Store LLC located at 13440 Highway 197, Clarkesville, Georgia 30523, was advertising, publicly displaying, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Oakley Marks.

34. Luxottica Group's investigator purchased one pair of sunglasses bearing counterfeits of the Oakley Marks for a total of $15.99.  Photographs of the sunglasses purchased from Batesville Junction Store LLC along with the purchase receipt are depicted below:



35. The purchased items depicted above (collectively, the "Counterfeit Merchandise") were inspected by Luxottica Group on behalf of Plaintiffs, and it was determined that the sunglasses bearing reproductions of the Oakley and Ray-Ban Marks were in fact counterfeit products that infringed Luxottica Group's and Oakley's Marks.

36. Defendants have no license, authority, or other permission from Luxottica Group or Oakley to use any of the Ray-Ban and Oakley Marks in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of the Counterfeit Merchandise.

37. The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and

Oakley products offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

38. The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

39. Defendants are well aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Luxottica Group and Oakley trademarks, and the incalculable goodwill associated therewith.

40. Defendant Patel has materially contributed to and facilitated the above-described infringement of the Luxottica Group and Oakley Marks by having permitted the offering for sale and the sale of Counterfeit Merchandise by Batesville Junction Store LLC and Virpanath Inc. through (i) Defendant Patel's knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) Defendant Patel's constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) Defendant Patel's willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

41. Defendants' knowing and deliberate hijacking of Luxottica Group's and Oakley's famous marks, and sale of the Counterfeit Merchandise have caused,

and continues to cause, substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation. In addition, the damages caused by Defendants are especially severe because the Counterfeit Merchandise was cheap, inexpensive and inferior in quality to authentic Ray-Ban and Oakley products.

42. The harm being caused to Luxottica Group and Oakley is irreparable and Luxottica Group and Oakley do not have an adequate remedy at law. Luxottica Group and Oakley therefore seek the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

43. Luxottica Group and Oakley also seek damages, including exemplary damages, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's and Oakley's Marks.

**COUNT I**
**Trademark Counterfeiting**
**(15 U.S.C. § 1114)**

44. Luxottica Group and Oakley repeat and reallege Paragraphs 1 through 43 above.

45. Defendants without authorization from Luxottica Group and Oakley, have used spurious designations that are identical to, or substantially indistinguishable from the Ray-Ban and Oakley Marks.

46. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Ray-Ban and Oakley products offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

47. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Ray-Ban and Oakley products and Luxottica Group and Oakley.

48. Defendants have willfully infringed Luxottica Group's and Oakley's Marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
### Trademark Counterfeiting under Georgia Law
### (O.C.G.A. §10-1-451)

49. Luxottica Group and Oakley repeat and reallege Paragraphs 1 through 48 above.

50. The Defendants, without authorization from Luxottica Group and Oakley, have used spurious designations that are identical to, or substantially indistinguishable from the Ray-Ban and Oakley Marks in connection with the sale of inauthentic and counterfeit products in the state of Georgia.

51. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the counterfeit Ray-Ban and Oakley products offered for sale and sold by Defendants are authentic or authorized products of Luxottica Group and Oakley.

52. By reason of the foregoing acts of Defendants, there exists a likelihood of injury to the business reputation or of dilution of the distinctive quality of the Luxottica Group's and Oakley's Marks in violation of O.C.G.A. § 10-1-451(b).

53. Defendants' dilution of the distinctive Luxottica Group's and Oakley's Marks has irreparably damaged Luxottica Group and Oakley and will continue to damage Luxottica Group and Oakley irreparably unless enjoined by this Court, as a result of which Luxottica Group and Oakley is without an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Virpanath Inc., Batesville Junction Store LLC and Ashishkumar Patel, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Luxottica Group and Oakley Marks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's and Oakley's rights in the Marks;

2.     engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Luxottica Group and Oakley;

C.     Requiring Defendants to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.  Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group and Oakley, or is related in any way with Luxottica Group and Oakley and/or their products;

E.  Awarding Luxottica Group and Oakley statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F.  Awarding Luxottica Group and Oakley their costs, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.  Awarding Luxottica Group and Oakley pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.  Awarding Luxottica Group and Oakley such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group and Oakley request a trial by jury in this matter.

Respectfully submitted this 31 day of July, 2019.

**Sperry IP Law d/b/a Vivid IP**

Marcy L. Sperry, Esq.
Georgia Bar No. 455561
marcy@vividip.com

Alex J. Aron, Esq.
Georgia Bar No.162408
alex@vividip.com

3 Alliance Center
3550 Lenox Rd. NE
21st Floor
Atlanta, GA 30326
Phone: 404-474-1600